IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JAMES W. MYART JR., | § § § | |
| *Plaintiff,* | § § § | SA-19-CV-00906-OLG |
| vs. | § § § | |
| CITY OF SAN ANTONIO, RON NIRENBURG, MAYOR, CITY OF SAN ANTONIO; ERIC WALSH, CITY MANAGER; LETICIA VACEK, SAN ANTONIO CITY CLERK; AND JADA ANDREWS-SULLIVAN, AS COUNCIL PER OF DISTRICT 2, | § § § § § § § § § § | |
| *Defendants.* | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable Chief United States District Judge Orlando L. Garcia:**

This Report and Recommendation concerns Plaintiff's Motion for Rule 64, FRCP TRO and Injunction and Request for Emergency Hearing [#4].[1] All pretrial matters in this case have been referred to the undersigned for disposition pursuant to Western District of Texas Local Rule CV-72 and Appendix C [#5]. The undersigned has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) (authorizing a U.S. Magistrate Judge to conduct an evidentiary hearing and submit proposed findings of fact and recommendations to a district judge on a motion for injunctive relief).

By his motion, Plaintiff asks the Court to set a hearing on Plaintiff's request for a temporary restraining order ("TRO") and argues he is entitled to preliminary relief in the form of

---

[1] Although Plaintiff invokes Rule 64, he presumably moves under Rule 65, the rule that governs requests for injunctive relief, including TROs, in federal court. *Compare* Fed. R. Civ. P. 65 (governing injunctions and restraining orders) *with* Fed. R. Civ. P. 64 (governing seizure of persons or property).

1

an injunction. Having reviewed Plaintiff's state-court Petition, Defendant's Notice of Removal, and Plaintiff's motion, the undersigned will deny the request for an emergency hearing and recommend that Plaintiff's motion for a TRO be denied and that any hearing be delayed until after the Court's subject matter jurisdiction is confirmed.

## **I. Background**

Plaintiff filed his Sworn/Verified Original Petition in state court on July 29, 2019 against the City of San Antonio, the Mayor of San Antonio, the City Manager of San Antonio, the San Antonio City Clerk, and San Antonio City Council Member Jada Andrews-Sullivan, alleging that Defendants conspired to seat Councilwoman Andrews-Sullivan in City Council, despite the fact that she does not live in the district she was elected to represent. (Orig. Pet. [#1-2].) According to Plaintiff, Councilwoman Andrew-Sullivan used her mother's address, not her own, in order to be eligible for election. Plaintiff asserts that the acts of Defendants violate his civil rights. Defendant the City of San Antonio removed the Petition to federal court on July 29, 2019. (Notice of Removal [#1].) Approximately a week later, Plaintiff filed his motion requesting an emergency hearing to establish Ms. Andrew-Sullivan's residency as well as motion for a TRO "and injunctive relief." Four days after that, the motion was referred to the undersigned.

## **II. Analysis**

Plaintiff's request for a TRO should be denied. The Court's apparent lack of jurisdiction is an obstacle to it awarding any relief, injunctive or otherwise. Moreover, Plaintiff has not met his burden to prove that he is entitled to the extraordinary relief of a TRO. The parties should brief their positions on jurisdiction and the Court should delay any hearing on issues related to injunctive relief until the parties have established the case is properly in this Court.

**A.  The Parties are ordered to submit briefing establishing the Court's subject matter jurisdiction.**

Defendant removed this case, invoking the Court's federal-question jurisdiction. But it not clear from Plaintiff's Petition that he has even asserted a federal cause of action that would give rise to this Court's subject matter jurisdiction. Even assuming, *arguendo*, that Plaintiff could prove the factual matter he desires a hearing to prove—that Councilwoman Andrews-Sullivan used her mother's address to establish her residency but in fact she lives outside her district—the undersigned is not aware of a federal constitutional or statutory right to be represented in a city council by someone who lives in the district. Any such requirement would arise out of state law or municipal ordinance, not the United States Constitution. Plaintiff's Petition itself repeatedly alleges that Defendants are interfering with his "right to be represented by a person who meets the residency requirements pursuant to *state* law and the San Antonio *City* Charter." (Orig. Pet. [#1-2] at 3 (emphasis added); *see also id.* at 5 (accusing Defendants of interfering with Plaintiff's "right to be represented by a person that meets the residency requirements as delineated in the Texas Election Code and the San Antonio City Charter.").) City councils are not creatures of federal law.

Although Plaintiff mentions "the Fourteenth Amendment," his "civil rights," "equal protection," the "Voting Rights Act," and "the principle of One Man-One Vote" in his Petition and motion, it is unclear as to how the misrepresentation of an address for purposes of securing a position on a city council would result in a violation of Plaintiff's equal-protection rights or the Voting Rights Act. The Petition's reference to "One Man-One Vote" appears to implicate the line of Supreme Court cases on vote dilution, but vote-dilution claims usually arise when non-residents are allowed ***to vote*** in elections, not when a non-resident ***is elected***. *See Reynolds v Sims*, 377 US 533, 555 n. 29 (1964) ("'The right to vote includes . . . the right to have the vote

counted at full value without dilution or discount.'") (quoting *South v. Peters*, 339 U.S. 276, 279 (1950) (J. Douglas, dissenting)).

Subject matter jurisdiction is a predicate issue that must be resolved. The Court, of course, would be powerless to enter a TRO or grant any other relief if it lacks jurisdiction. As the removing party, Defendant the City of San Antonio, bears the burden of establishing the existence of federal jurisdiction and that removal was proper. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). However, it does not appear that Plaintiff or any other party is disputing jurisdiction,[2] so the Court will give all parties an opportunity to address why the Court has jurisdiction over this matter. Plaintiff should specify the federal causes of action—if any—he is asserting, and the removing Defendants should explain their basis for asserting the Court has jurisdiction.

**B.    Plaintiff has not established that he is entitled to a TRO and an emergency hearing is not required.**

Plaintiff seeks a TRO and eventually a permanent injunction prohibiting Defendants from seating or allowing Councilwoman Andrews-Sullivan from sitting on the City Council as the representative of District 2. (Orig. Pet. [#1-2] at 5.) Requests for injunctive relief, including requests for a TRO, are governed by Rule 65. *See* Fed. R. Civ. P. 65. The purpose of a TRO is to preserve the status quo and prevent irreparable harm until the Court can conduct a preliminary-injunction hearing. *See Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 439 (1974). Plaintiff, as the party moving for a TRO, must establish: (1) a substantial likelihood of success on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the temporary restraining order is denied; (3) that the

---

[2] The Court cannot acquire jurisdiction through the parties' consent. *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982).

threatened injury outweighs any damage that the temporary restraining order might cause the defendant; and (4) that the temporary restraining order will not disserve the public interest. *Jackson Women's Health Org. v. Currier*, 760 F.3d 448, 452 (5th Cir. 2014) (quoting *Hoover v. Morales*, 164 F.3d 221, 224 (5th Cir. 1998)); *PCI Transp., Inc. v. Fort Worth & W. R.R. Co.*, 418 F.3d 535, 545 (5th Cir. 2005). A temporary restraining order is an extraordinary remedy which should not be granted unless the party seeking it has clearly carried the burden of persuasion on all four requirements. *See PCI Transp., Inc.*, 418 F.3d at 545. Plaintiff has not done so.

Plaintiff has not demonstrated a likelihood of success on the merits of any federal cause of action. As is explained above, it does not appear that he has asserted a federal cause of action that would give rise to this Court's subject matter jurisdiction. The lack of jurisdiction is obviously an obstacle to success on his claims.

But even if Plaintiff could articulate a federal cause of action in addition to claims he has asserted under state law, he has failed to establish how the relief he is seeking through a TRO preserves the status quo. Plaintiff's Petition alleges that Councilwoman Andrews-Sullivan has already been elected, sworn in, and seated at City Council. (Orig. Pet. [#1-2] at 8.) Through his request for a TRO, Plaintiff essentially asks the Court to un-seat Andrews-Sullivan—merits-based relief that alters, not preserves, the status quo. And importantly, Plaintiff also has failed to demonstrate that he is likely to suffer irreparable harm if a TRO is not entered. His motion for a TRO claims that the "black citizens of San Antonio are being irreparably harmed by the Defendants" due to the "political chicanery and dishonesty of the City officials and Defendant Jada Andrews-Sullivan . . . ." (Mtn. for TRO [#4] at 3.) Yet Plaintiff does not attempt to explain what this irreparable harm is, whether it has to do with his race or the race of Ms. Andrews-Sullivan, or some other issue. The Court should not issue the requested TRO.

5

## II. Order and Recommendation

**IT IS THEREFORE ORDERED** that Plaintiff's request for an emergency hearing is **DENIED**.

**IT IS FURTHER ORDERED** that, on or before **August 26, 2019**, Plaintiff and Defendants file briefs that support their position that this Court had subject matter jurisdiction over this case at the time of removal.

For the reasons discussed above, the undersigned recommends that the District Court **DENY** Plaintiff's request for a TRO contained in Plaintiff's Motion for Rule 64, FRCP TRO and Injunction and Request for Emergency Hearing [#4] and that any further requests for injunctive relief be handled after the Court's subject matter has been established.

## III. Instructions for Service and Notice of Right to Object/Appeal.

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The party shall file the objections with the clerk of the court, and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149–52

(1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 15th day of August, 2019.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE