IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JAMES W. MYART, JR., | § | |
|     *Plaintiff(s)*, | § | |
| | § | |
| *v.* | § | 5:19-CV-00906-OLG-ESC |
| | § | |
| RON NIRENBURG, MAYOR CITY OF | § | |
| SAN ANTONIO, CITY OF SAN | § | |
| ANTONIO, ERIC WALSH, CITY | § | |
| MANAGER, LETICIA VACEK, SAN | § | |
| ANTONIO CITY CLERK, JADA | § | |
| ANDREWS-SULLIVAN, A/K/A JADA | § | |
| KING, A/K/A JADA HUNT, A/K/A JADA | § | |
| L. SMITH, A/K/A JADA ANDREWS | § | |
| HUNT, A/K/A JADA LANISE KING, | § | |
| A/K/A JADA L. ANDREWS, ET AL, | § | |
|     *Defendant(s)* | § | |

**DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. PROC. 12(b)(6)**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

NOW COMES the City of San Antonio, Ron Nirenburg, Eric Walsh, and Leticia Vacek Defendants in the above entitled and numbered cause (sometimes referred to herein as "Defendant" and/or "the City"), and files this Motion to Dismiss Pursuant to Fed. R. Civ. Proc 12(b)(6), and in support thereof, would respectfully show the Court as follows:

## I.        Parties to Motion

1.        Plaintiff has alleged his cause against the City, several of its employees, and Councilwoman Jada Andrews-Sullivan.  The only non-municipal person whom the Plaintiff alleges acted in their individual capacity is Jada Andrews-Sullivan, whom has not been served as of the filing of this Motion.  As none the other parties acted only in their official capacity the City files the motion on behalf of itself and its employees and/or representatives acting in their official capacity.

## II. Summary of Argument

2.      The City of San Antonio argues that Plaintiff failed to properly plead a claim because:

      A.      Plaintiff does not cite a plausible policy, practice, custom or procedure that led to denial of his Civil Rights, as is required under 42USC1983;

      B.      Plaintiff cites Defendants violating the "Voting Rights Act of 1965," but does not allege in what way said act was violated, or the factual basis thereof; and,

      C.      Plaintiff cites Defendants engaging in official oppression, however does not allege in what way said violation occurred, or the factual basis, thereof.

3.      Defendant, City of San Antonio, files this Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(6) because Plaintiff has failed to assert any theory of recovery or claim upon which relief can be granted.

## III. Factual Basis Alleged by Plaintiff

4.      By Plaintiff's Original Petition he has sued the City of San Antonio and several of its employees in their official capacity for a myriad of alleged violations.  All violations are essentially derivative of Councilwoman Jada Andrews-Sullivan not being a resident in the council district she represents.[1]

5.      Plaintiff alleges Defendants have "knowingly and clandestinely perpetuated a scheme to systematically seat Jada Andrews-Sullivan … knowing she does not live in [District 2 for which she was duly elected to represent]."[2]

6.      Further Plaintiff alleges "Jada Andrews-Sullivan has listed her address as 442 Hub 4. Avenue, a home owned by her mother [in District 2].  Her mother however acknowledged that the councilwoman hadn't stayed there in at least two weeks."[3]

---

[1] See *Plaintiff's Original Petition* page 2, initial un-numerated opening paragraph
[2] See *Plaintiff's Original Petition* page 2, paragraph 2

7.    Further Plaintiff alleges, "Many people believe [Sullivan] lives … on the far West Side [not in District 2]."[4]

8.    Further Plaintiff alleges, Sullivan hired her boyfriend to serve as council staff.[5]

## IV. Legal Basis Alleged by Plaintiff

9.    While Plaintiff has no coherent cause of action, he does refer to several possible legal theories, statutes, and buzzwords.  However, as outlined in Section I, he does not sufficiently plead any said theory.

10.    In his opening paragraph Plaintiff alleges that not Sullivan not living in her district violates: the Voting Rights Act of 1965 and the Texas Election Code.[6]

11.    Further Plaintiff alleges, "Defendants have acted in violation of Plaintiff's civil rights and in violation the 14th Amendment and the Texas constitution Bill of Rights."[7]

12.    Further Plaintiff alleges, Defendants engaged in official oppression.[8]

## V.  Fed.R.Civ.P. 12(b)(6) Standard

13.    Under Fed.R.Civ.P. 12(b)(6), a party may assert by motion the defense of "failure to state a claim upon which relief can be granted".  In considering a motion to dismiss a complaint for failure to state a claim, the Court must accept as true the non-movant's well-pleaded factual allegations and any reasonable inferences to be drawn from them.[9]  However, "the complaint must contain either direct allegations on every material point necessary to sustain a recovery ... or contain allegations from which an inference fairly may be drawn that evidence on these

---

[3] See *Plaintiff's Original Petition* page 2, paragraph 3
[4] See *Plaintiff's Original Petition* page 3, paragraph 4
[5] See *Plaintiff's Original Petition* page 4, paragraphs 5 to 6

[6] See *Plaintiff's Original Petition* page 2, initial un-numerated opening paragraph
[7] See *Plaintiff's Original Petition* page 5, paragraph 28
[8] See *Plaintiff's Original Petition* page 9, paragraph 39
[9] *U.S. v. Gaubert*, 499 U.S. 315, 326, 111 S.Ct. 1267, 113 L.Ed.2d 335 (1991);  *C.C. Port, Ltd. v. Davis-Penn Mortgage Co.*, 61 F.3d 288, 289 (5th Cir.1995).

material points will be introduced at trial."[10] "[A] statement of facts that merely creates a suspicion that the pleader might have a right of action" is insufficient.[11] "Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief ..."[12] The court is not required to "conjure up unload allegations or construe elaborately arcane scripts to" save a complaint.[13] "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."[14]

14.    To avoid dismissal for failure to state a claim, however, a plaintiff "must plead specific facts, not mere conclusory allegations."[15]   The central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief.[16]   Although the court must accept the factual allegations in the pleadings as true, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[17]

### VI.  Plaintiff's Cause of Action

### A.    Constitutional Violation of the Voting Rights Act of 1965

15.    While the Plaintiff alleges violation of the Voting Rights Act of 1965 he does not allege in what way his rights under said act were violated.

16.    "Standing under the Voting Rights Act is limited to a private litigant attempting to protect his right to vote and seeking judicial enforcement of the prohibition against the infringement on

---

[10] *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) citing, 5 Wright & Miller, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2d § 1216 at 156-159.
[11] *Id.*
[12] *Campbell, supra*, 43 F.3d at 975 citing, 2A MOORE'S FEDERAL PRACTICE ¶ 12.07 [2.-5] at 12-91.
[13] *Id.*; Gooley *v. Mobil Oil Corp.,* 851 F.2d 513, 514 (1st Cir.1988).
[14] *Campbell, supra*, 43 F.3d at 975 citing, *Fernandez-Montes v. Allied Pilots Ass'n,* 987 F.2d 278, 284 (5th Cir.1993).
[15] *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). See *Morgan v. City of Waco*, 2002WL324298, *3 (N.D.Tex. 2002) (The plaintiff's § 1983 complaint, made solely upon information and belief, was completely devoid of any facts to establish a sufficient pleading basis for municipal liability).
[16] *Hughes v. The Tobacco Inst., Inc.,* 278 F.3d 417, 420 (5th Cir. 2001).
[17] *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008).

that right due to his race. . ... The remedies available under the act focus on the enforcement of the right to vote *See Roberts v. Wamser,* 883 F.2d 617, 621 (8th Cir.1989)."[18]

**B.      Constitutional Violation Under Title VII of the Civil Rights Act, 42 USC §1983**

17.      To hold a municipality liable for the misconduct of a Constitutional violation under 42USC§1983 a plaintiff must show an official policy promulgated by a municipality's policymaker that was the moving force behind, or actual cause of a constitutional injury to the plaintiff.[19]  The official policy itself must be unconstitutional or, if not, must have been adopted "with deliberate indifference to the known or obvious fact that such constitutional violations would result."[20]  A municipal policy must be a "deliberate and conscious choice" by a municipal policy maker.[21]

18.      Official policy is ordinarily contained in duly promulgated policy statements, ordinances or regulations, but a policy may also be evidenced by custom, that is: (2). ... a persistent, widespread practice of City officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well-settled as to constitute a custom that fairly represents municipal policy. . . Actions of officers or employees of a municipality do not render the municipality liable under section 1983 unless they execute official policy.[22]

In *Peterson v. City of Fort Worth*,[23] the court explained,

> A pattern is tantamount to official policy when it is so common and well-settled as to constitute a custom that fairly represents municipal policy. Where prior incidents are used to prove a pattern, they must have occurred for so long or so frequently that the course of conduct warrants the attribution to the governing

---

[18] *Randall v State,* 875 S.W.2d 42 (Tex.App. – Fort Worth 1994)

[19] *See James v. Harris County*, 577 F.3d 612, 617 (5th Cir. 2009)*; Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001).

[20] *See Johnson v. Deep East Tex. Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 309 (5th Cir. 2004); *see also Piotrowski*, 237 F.3d at 579.

[21] *City of Canton v. Harris*, 489 U.S. 378, 389, 109 S.Ct. 1197, 1205 (1989).

[22] *See Piotrowski* ,237 F.3d at 579.

[23] *See Peterson v. City of Fort Worth*, 588 F.3d 838 (5th Cir. 2009).

> body of knowledge that the objectionable conduct is the expected, accepted practice of city employees. It is thus clear that a plaintiff must demonstrate a pattern of abuses that transcends the error made in a single case. A pattern requires similarity and specificity; [p]rior indications cannot simply be for any and all bad or unwise acts, but rather must point to the specific violation in question. A pattern also requires sufficiently numerous prior incidents, as opposed to isolated instances.[24]

19.    A governmental entity can be found liable under § 1983 only if the entity itself causes the constitutional violation at issue.[25]  *Respondeat superior* or vicarious liability is not a basis for recovery under § 1983.[26]  "A municipality may not be held liable under § 1983 solely because it employs a tortfeasor.  It is only when the execution of the government's policy or custom inflicts the injury that the governmental entity may be held liable under § 1983."[27]

20.    If liability is based upon an officially sanctioned custom or practice, isolated instances of official misconduct by a governmental entity's non-policy making employees are inadequate to prove knowledge and acquiescence by the entity's policy makers.[28]  However, sufficiently numerous prior incidents of official misconduct may tend to prove a custom and accession to that custom by municipal policy makers.[29]  On the other hand, where liability is based upon the official actions of policy makers, proof of a single incident of unconstitutional activity is not sufficient to impose liability on the municipality, unless there is proof that it was caused by an existing, unconstitutional municipal policy, attributable to a final municipal policy maker.[30]

### VII. Argument and Conclusion

21.    Taken as true the basis for Plaintiff's claim are that Councilwoman Jada Andrews-Sullivan was elected while not living in the District she represents; and that she then proceeded

---

[24] *Id.,* at 850-851(Internal quotations and citations omitted).
[25] *Monell v. Dept. of Social Serv.*, 436 U.S. 658, 694-5, 98 S.Ct. 2018, 2037-38 (1978).
[26] *Id.* at 436 U.S. at 691-94, 98 S.Ct. 2036-38.
[27] *Gonzales v. Westbrook,* 118 F.Supp.2d 728, 733-734 (W.D. Tex. 2000)(Citations omitted).
[28] *Id.,* at 734.
[29] *Id*.
[30] *City of Oklahoma v. Tuttle*, 471 U.S. 808, 823-24, 105 S.Ct. 2427, 2436 (1985).

to hire her boyfriend a violation of City ethics rules.

22.     Plaintiff offers no basis for his legal standing other than stating legal terms such as "Voting Rights Act" and "Constitutional Violation."   Plaintiff's Petition does not contain allegations on every point in order to sustain recovery, nor does he in anyway draw connections between he factual allegations and legal theories.   For this reason Plaintiff's legal basis is no more than conclusory statements that a violation occurred.

23.     If the court does not find Plaintiff's allegations to be mere conclusory statements he still has not pleaded a proper case under the Voting Rights Act.   Plaintiff never alleged he was unable to vote, the driving protection of the Voting Rights Act.   His only complaint that the success candidate now, elected official, sometimes stays at her boyfriend's house.   Plaintiff fails to plead how this in and of itself is a violation of the voting rights act.   Further Plaintiff fails to cite any action or lack thereof by the City of San Antonio, or any of its officials, that led to the violation of the "Voting Rights Act."

24.   Similarly Plaintiff fails to describe any policy, practice custom or procedure that led to the violation of his 14th Amendment Rights, or any other vaguely alleged constitutional right. Without such allegation Plaintiff's Petition is insufficient.

25.     Plaintiff's Petition is lacking an essential element of each and every claim for which he refers, therefore must be dismissed.


        FOR THE REASONS SET FORTH ABOVE, Defendants, respectfully requests that the court grant its Motion to Dismiss Pursuant to Fed. R. Civ. Proc. 12(b)(6), dismiss all of the Plaintiff's claims with prejudice, and grant such other relief as may be just.

Respectfully Submitted,

CITY OF SAN ANTONIO
Andrew Segovia
City Attorney
SBN: 24103187
Office of the City Attorney
Litigation Division
Frost Bank Tower
100 W. Houston St., 18th Floor
San Antonio, Texas  78205

//Brad Bennett//

Brad Bennett
Assistant City Attorney
Bar No:  24061041
(210) 207-8963/ (210) 207-4357 Fax
Brad.Bennett@sanantonio.gov
*ATTORNEY FOR DEFENDANTS*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I electronically filed the foregoing with the Clerk of Court using the

CM/ECF system that will send notification of such filing to the following on August 19, 2019:

James Myart                                    ☒   email: myart_james@yahoo.com
Plaintiff Pro Se
714 Canton St
San Antonio, TX 78202
Phone: (210)910-7254
myart_james@yahoo.com

Mark Ralls                                     ☒   CM/ECF
Hoblit, Darling, Ralls, Hernandez &
Hudlow, LLP
6243 IH-10 West, Suite 601
San Antonio, Texas 78201
Office: (210) 224-9991
Facsimile: (210) 226-1544
mralls@hdr-law.com

                            __//Brad Bennett//_____
                                    BRAD BENNETT

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

JAMES W. MYART, JR.,                          §
    *Plaintiff(s)*,                            §
                                              §
*v.*                                          §                    5:19-CV-00906-OLG-ESC
                                              §
RON NIRENBURG, MAYOR CITY OF                  §
SAN ANTONIO, CITY OF SAN                      §
ANTONIO, ERIC WALSH, CITY                     §
MANAGER, LETICIA VACEK, SAN                   §
ANTONIO CITY CLERK, JADA                      §
ANDREWS-SULLIVAN, A/K/A JADA                  §
KING, A/K/A JADA HUNT, A/K/A JADA             §
L. SMITH, A/K/A JADA ANDREWS                  §
HUNT, A/K/A JADA LANISE KING,                 §
A/K/A JADA L. ANDREWS, ET AL,                 §
    *Defendant(s)*                          §

## ORDER GRANTING DEFENDANTS'
## MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

On this day came on to be heard *Defendant, the City of San Antonio's Motion to Dismiss for failure to state a claim,* and the Court believes the motion is meritorious and should be granted.

It is, therefore, Ordered, adjudged, and decreed that Plaintiff's claims against the City of San Antonio, Ron Nirenburg, Eric Walsh, and Leticia Vacek are hereby DISMISSED, with prejudice. This is a final appealable order.

Signed on this the _____ day of _____. 2019.

_____
HONORABLE ORLANDO L. GARCIA
CHIEF UNITED STATES DISTRICT JUDGE