**FILED**

SEP 0 9 2019

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

JAMES W. MYART, JR.,             §
        *Plaintiff,*             §
                                 §
*v.*                             §
                                 §   **Civil Action No. 5:19-cv-00906-OLG**
                                 §
CITY OF SAN ANTONIO; RON         §
NIRENBERG, MAYOR, CITY OF SAN    §
ANTONIO; ERIC WALSH, CITY        §
MANAGER; LETICIA VACEK, SAN      §
ANTONIO CITY CLERK; AND JADA     §
ANDREWS-SULLIVAN, AS COUNCIL     §
PER OF DISTRICT 2,               §
        *Defendants.*            §

## ORDER

On this day, the Court considered United States Magistrate Judge Elizabeth S. Chestney's Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) that Plaintiff James W. Myart Jr.'s "Motion for Rule 64, FRCP TRO and Injunction and Request for Emergency Hearing" be denied. *Id.* Plaintiff filed his objections on August 19, 2019. Docket no. 10.

When a party objects to a magistrate judge's recommendation, the Court must make a *de novo* determination as to those portions of the recommendation to which an objection is made. *Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 646 (5th Cir. 1994); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The Court need not, however, conduct a *de novo* review if the objections are frivolous, general, or conclusory. *See Battle v. U.S. Parole Com'n*, 834 F.2d 419, 421 (5th Cir. 1987). In such instances, the Court reviews the report and recommendation for clear error. 28 U.S.C. § 636(b)(1)(C).

Plaintiff filed the underlying motion seeking an emergency hearing to determine the residency of San Antonio City Councilwoman Jada Andrews-Sullivan, as he alleges that she does not live in District 2. *See* docket no. 4. Plaintiff further requested a TRO and injunctive

1

relief prohibiting Defendants from seating Councilwoman Andrews-Sullivan. *Id.* In the Report and Recommendation, Judge Chestney questioned the Court's jurisdiction over these claims, specifically noting that even if Councilwoman Andrews-Sullivan is not a resident of the district, it is unclear that any federal constitutional or statutory right would be violated. Docket no. 6. Given that the Court lacks the power to enter a TRO or grant other relief without subject matter jurisdiction, Judge Chestney ordered the parties to brief the issue. *Id.*

Additionally, Judge Chestney recommends that the request for the TRO be denied on the basis that Plaintiff has not met his burden. A party moving for a TRO must demonstrate all four of the following elements: (1) a substantial likelihood of success on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the TRO is denied; (3) that the threatened injury outweighs any damage that the TRO might cause the defendant; and (4) that the TRO will not disserve the public interest. *Id.*; *Jackson Women's Health Org. v. Currier,* 760 F.3d 448, 452 (5th Cir. 2014) (quoting *Hoover v. Morales,* 164 F.3d 221, 224 (5th Cir. 1998)). As noted above, Plaintiff has not clearly stated a federal cause of action, let alone demonstrated a likelihood of success on the merits of that action. Moreover, Judge Chestney notes that the TRO does not preserve the status quo, as Councilwoman Andrews-Sullivan has been elected, sworn in, and seated at the City Council. Docket no. 6; *see Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers,* 415 U.S. 423, 439 (1974). Accordingly, Judge Chestney denied Plaintiff's request for an emergency hearing and recommends that the Court deny the TRO.

Plaintiff objects to the Report and Recommendation on several grounds. As Plaintiff has done in several other cases before this Court, he asserts, without evidence, that Judge Chestney is biased against him. *See* docket no. 10. The Court rejects this unsupported and frivolous

objection. Plaintiff's remaining objections rehash the arguments he made in his brief to Judge Chestney and in his original pleading. *See* docket nos. 1-2, 1-3, 4, and 10. Judge Chestney's Report and Recommendation correctly addresses those arguments, explaining in detail why a TRO should be denied. Docket no. 6. Though Plaintiff's objections are general and conclusory, the Court has conducted a *de novo* review of the record and the underlying law, and the Court arrives at the same conclusion. The Court therefore overrules Plaintiff's objections and ADOPTS Judge Chestney's Report and Recommendation as to denying the TRO.

In addition to his objections, Plaintiff appeals Judge Chestney's denial of the emergency hearing of the TRO. *See* docket no. 10. The above reasoning also applies to the denial of the emergency hearing, and thus the Court DENIES Plaintiff's Appeal and AFFIRMS Judge Chestney's Order denying the emergency hearing,

**IT IS THEREFORE ORDERED** that Magistrate Judge Chestney's Report and Recommendation (docket no. 6) is **ADOPTED** in full, and, for the reasons set forth above and in Judge Chestney's Report and Recommendation, Plaintiff's Motion for a TRO (docket no. 4) is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Appeal (docket no. 10) of Magistrate Judge Chestney's Order (docket no. 6) denying an emergency hearing is **DENIED**, and that Order is **AFFIRMED.**

It is so **ORDERED**

**SIGNED** this 9 day of September, 2019.

_____
ORLANDO L. GARCIA
Chief United States District Judge

3