# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

FILED

NOV 20 2019

No. 19-50920

A True Copy
Certified order issued Nov 20, 2019

*Tyle W. Cayce*

Clerk, U.S. Court of Appeals, Fifth Circuit

JAMES W. MYART, JR.,

      Plaintiff - Appellant

v.

STEVEN P. MACH, DPS, Chairman; STEVEN C. MCCRAW, Director, Texas Department of Public Safety; RHONDA FLEMING; JACOB LAVENDER, Trooper, Dept. of Public Safety; KENT COLEMAN, Trooper, Texas Dept. of Public Safety; ROBERT DRIGGERS, Trooper, Texas Dept. of Public Safety; PHILIP AYALA; TEXAS DEPARTMENT OF PUBLIC SAFETY; STATE OF TEXAS; CITY OF SAN ANTONIO; RON NIRENBERG, Mayor, City of San Antonio; WILLIAM P. MCMANUS, Chief of San Antonio Police Department; ERIK WALSH,

      Defendants - Appellees   5:19-cv-507-OLG

----------------------------------------------------------------------

JAMES W. MYART, JR.,

      Plaintiff - Appellant

v.

CITY OF SAN ANTONIO, BAPTIST HOSPITAL SYSTEM; MATT STONE, CEO Baptist Hospital System, Corporately and Individually; BAPTIST HOSPITAL SYSTEM PRIVATE SECURITY COMPANY; JOHN DOE COMPANY; JACOB CORONAL; JOHN DOE SECURITY COMPANY; JOHN AND JANE DOES 1 - 5, Individual and Employment; EMPLOYEES OF JOHN DOES SECURITY COMPANY; JANE DOE, Head ER Nurse; JANE DOES 1 - 6, ER Nurses, All Individually Named Persons Sued Individually and as Employees of Baptist Hospital System in their Capacities Individual and Employment,

      Defendants - Appellees   5:19-cv-702-OLG

No. 19-50920

------------------------------------------------------------------------------------

JAMES W. MYART, JR.,

       Plaintiff - Appellant

v.

FROST BANK; PAT FROST, President; PHILIP GREEN, CEO; JAMES
WATERS, President; JORGE GUTIERREZ; TREY BANACK; JASON
LISERIO; ANDREA KNIGHT; ATTORNEYS JOHN DOE 1 - 10; JEFF
CARRANZA,

       Defendants - Appellees    5:19-cv-753-OLG

------------------------------------------------------------------------------------

JAMES W. MYART, JR.,

       Plaintiff - Appellant

v.

RON NIRENBERG, Mayor, City of San Antonio; CITY OF SAN ANTONIO;
ERIC WALSH, City Manager; LETICIA VACEK, San Antonio City Clerk;
JADA ANDREWS-SULLIVAN, as Council per of District 2, also known as
Jada King, also known as Jada Hunt, also known as Jada L. Smith, also
known as Jada Andrews Hunt, also known as Jada Lanise King, also known
as Jada L. Andrews, also known as Jada Andrews-Sullivan,

       Defendants - Appellees    5:19-cv-906-OLG

-----------------------

Appeals from the United States District Court
for the Western District of Texas

-----------------------

Before STEWART, DAVIS, and OLDHAM, Circuit Judges.

2

No. 19-50920

PER CURIAM:

This court must examine the basis of its jurisdiction on its own motion if necessary. *Hill v. City of Seven Points*, 230 F.3d 167, 169 (5th Cir. 2000). This civil rights appeal arises from four related cases filed in the United States District Court Western District of Texas San Antonio Division: *Myart v. Mach, et al.* ,5:19-cv-00507; *Myart v. City of San Antonio, et al.*, 5:19-cv-00702; *Myart v. City of San Antonio, et al.*, 5:19-cv-00753 and *Myart v. Bank, et al.*, 5:19-cv-00906. The plaintiff filed a motion to disqualify the district court judge and magistrate in each underlying case. The motions were all denied. Plaintiff has filed a notice of appeal from the denial in 5:19-cv-00507 and 5:19-cv-00753 and two notices from the denial in 5:19-cv-00702.

"Federal appellate courts have jurisdiction over appeals only from (1) a final decision under 28 U.S.C. § 1291; (2) a decision that is deemed final due to jurisprudential exception or that has been properly certified as final pursuant to Fed. R. Civ. P. 54(b); and (3) interlocutory orders that fall into specific classes, 28 U.S.C. § 1292(a), or that have been properly certified for appeal by the district court, 28 U.S.C. § 1292(b)." *Askanase v. Livingwell, Inc.*, 981 F.2d 807, 809-10 (5th Cir. 1993). The district court's orders denying the motions to disqualify are not final orders. *See Nobby Lobby, Inc. v. City of Dallas*, 970 F.2d 82, 86 n.3 (5th Cir. 1992). Accordingly, the appeals are DISMISSED for want of jurisdiction.

3